UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

MARILYN RAQUELL JAMES,

                                          Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                          Defendant.

------------------------------------------------------------------ x

**ANSWER**

07 Civ 5789 (NRB)

       Defendant New York City Board of Education ("BOE") (also known as and being sued herein as the "New York City Department of Education") by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its Answer to the Complaint, respectfully alleges as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies the allegations set forth in paragraph "2" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       3.     Denies the allegations set forth in paragraph "3" of the complaint.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that plaintiff purports to invoke the jurisdiction of this Court as set forth therein.

       5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to state the basis for venue in this Court as set forth therein.

       6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except admits that, upon

information and belief, plaintiff dually filed a charge of discrimination with the New York State Division of Human Rights ("SDHR") and the United States Equal Employment Opportunity Commission ("EEOC").

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8.  As paragraph "8" of the complaint, contains no factual allegations but rather a legal conclusion, no responsive pleading is required. To the extent that a response is required, and the Court finds that this paragraph interposes allegations, defendant denies the allegations set forth in paragraph "8" of the complaint and respectfully refers the Court to the provisions of law cited therein for a complete and accurate statement of their contents.

9.  In response to the allegations set forth in paragraph "9" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "8" inclusive of its answer, as if fully set forth herein.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff is currently employed by the BOE as a School Lunch Helper assigned to work at Public School 155 in Manhattan, and prior to that plaintiff was employed by the BOE as a School Aide.

11. Denies the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint, except admits that plaintiff purports to have a condition called eczema and has provided defendant with doctors' notes to that effect.

13. Denies the allegations set forth in paragraph "13" of the complaint.

14. Denies the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. Denies the allegations set forth in paragraph "16" of the complaint, except admits that plaintiff submitted a doctor's note dated October 24, 2007 to her supervisor.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. There is no paragraph "18" set forth in the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. In response to the allegations set forth in paragraph "22" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "21" inclusive of its answer, as if fully set forth herein.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "24" inclusive of its answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "27" inclusive of its answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "30" inclusive of its answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "33" inclusive of its answer, as if fully set forth herein.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. In response to the allegations set forth in paragraph "37" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "36" inclusive of its answer, as if fully set forth herein.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

### FOR A FIRST DEFENSE:

40. The complaint fails to state a claim upon which relief may be granted in whole or in part.

### FOR A SECOND DEFENSE:

41. This Court must dismiss any Title VII claims contained in the Complaint because plaintiff did not first exhaust her administrative remedies by seeking relief under Title VII in her charge of discrimination filed with the SDHR/EEOC.

### FOR A THIRD DEFENSE:

42. Further, any ADA claims contained in the federal complaint which were not also contained in the plaintiff's charge of discrimination filed with the SDHR/EEOC must be dismissed for failure to exhaust administrative remedies.

### FOR A FOURTH DEFENSE:

43. Plaintiff's claims under the New York State Human Rights Law and under the New York City Human Rights Law fail to state a cause of action and must be dismissed because of plaintiff's failure to comply with the applicable notice of claim requirements.

### FOR A FIFTH DEFENSE:

44. Defendant had legitimate business reasons for taking any of the alleged discriminatory acts complained of by plaintiff.

### FOR A SIXTH DEFENSE:

45. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

### FOR A SEVENTH DEFENSE:

46. Upon information and belief, the damage claims contained in the Complaint are barred, in whole or in part, by plaintiff's failure to mitigate damages.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         October 12, 2007

                                        MICHAEL A. CARDOZO
                                      Corporation Counsel of the
                                         City of New York
                                      Attorney for Defendant
                                      100 Church Street, Room 2-118
                                      New York, New York 10007
                                      (212) 788-8703

                              By: _____
                                    Jennaydra D. Clunis (JC 1908)
                                    Assistant Corporation Counsel

To:  Paul N. Cisternino, Esq,
     Cisternino and Weinstein
     Attorneys for Plaintiff
     16 Briarbrook Road
     Ossining, NY 10562
     (914) 330-1527

Civil Action No. 07 Civ 5789 (NRB)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARILYN RAQUELL JAMES,

                                            Plaintiff,

-against-

THE NEW YORK CITY DEPARTMENT OF EDUCATION,

                                            Defendant.

## ANSWER TO THE COMPLAINT

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Rm 2-118*
*New York, N.Y. 10007*

*Of Counsel:  Jennaydra D. Clunis*
*Tel:  (212) 788-8703*
*Case No. 2007-024893*

*Due and timely service is hereby admitted.*

*New York, N.Y. ........................................................, 200......*

*................................................................................. Esq.*

*Attorney for.............................................*